**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2397
_____

COUNTY HALL INSURANCE COMPANY, INC.

v.

MOUNTAIN VIEW TRANSPORTATION, LLC; JOHN R. HUMES


*JACOB E. GODLOVE; KAYLA KELLEY; ESTATE OF JACOB GODLOVE, JR.,
Appellants

*(Pursuant to Rule 12(a), Fed. R. App. P.)
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 1-21-cv-01749)
District Judge: Hon. Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(June 5, 2023)

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*.

(Filed: June 16, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Jacob E. Godlove, Sr., and Kayla Kelley, on behalf of themselves and the Estate of Jacob Godlove, Jr., (collectively, Appellants), appeal the District Court's order denying their motion to intervene in this insurance-coverage dispute. Because the parties' relationships have changed materially since the District Court denied the motion, we will vacate the order and remand for consideration of the new circumstances.

I

Godlove and Kelley, who was pregnant at the time with Godlove, Jr., were in a motor-vehicle accident with a tractor-trailer owned by Mountain View Transportation, LLC and driven by John R. Humes. Godlove and Kelley, on behalf of themselves and the Estate, sued Mountain View and Humes in state court for the resulting injuries, including the death of Godlove, Jr., which occurred two months after the accident.

Mountain View's insurer, County Hall Insurance Company, Inc., sent a letter to Mountain View claiming that the insurance policy did not cover the accident because Humes was not listed on the relevant schedule of drivers. The letter also informed Mountain View that County Hall would defend the state-court tort action under a reservation of rights.

While the state-court tort action was pending, County Hall filed this federal-court case against Mountain View and Humes, seeking a declaration that the policy did not cover the accident. After Mountain View and Humes failed to respond, the Clerk of Court entered a default against them at County Hall's request.

Three days later, Appellants sued County Hall in state court seeking a declaration that Mountain View's insurance policy covered the accident. The state court dismissed the action because Appellants, who did not yet have a judgment in the tort suit, lacked standing. *See Godlove v. County Hall Ins. Co.*, No. 2022-501 (Franklin Cnty. Ct. of Common Pleas, Feb. 20, 2023).

After Appellants filed the state-court declaratory judgment action, County Hall moved the District Court for a default judgment in this federal action. The same day, Appellants moved to intervene in this action under Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, and to strike the entry of default.

The District Court denied the motion to intervene and the motion to strike. The Court reasoned that this case was indistinguishable from *Liberty Mutual Insurance Co. v. Treesdale, Inc.*, 419 F.3d 216, 222–23, 228 (3d Cir. 2005), where we rejected a similar attempt by tort plaintiffs to intervene in a coverage dispute between the insured tortfeasor and its insurer while the tort action was pending.[1] Appellants timely appealed.

During the pendency of the appeal, Appellants settled the underlying state-court tort suit against Mountain View and Humes, who were represented by counsel under County Hall's reservation of rights. Appellants obtained a $1,000,000 judgment against Mountain View and Humes and an assignment of rights under any insurance policies. *See Godlove v.*

---

[1] The District Court also deemed County Hall's motion for default judgment withdrawn without prejudice due to defects in its filing. County Hall filed a renewed motion for a default declaratory judgment, which remains pending.

*Humes*, No. 2021-1310 (Franklin Cnty. Ct. Common Pleas).[2] Soon after, Appellants again sought a declaration in state court that the insurance policy covered the accident—this time standing in the shoes of Mountain View and Humes. *See Godlove v. County Hall Ins. Co.*, No. 2023-cv-1240 (Dauphin Cnty. Ct. of Common Pleas). That action remains pending.

## II[3]

When the District Court entered its order denying the motion to intervene, Appellants were only "plaintiffs who ha[d] asserted tort claims against the insured." *Treesdale, Inc.*, 419 F.3d at 223. In the District Court's words, they were "strangers to [the] insurance contract." App. 396. That is no longer so. First, Appellants now have a judgment against Mountain View and Humes. *See Treesdale, Inc.*, 419 F.3d at 224 (stating that the proposed intervenors "put[] the proverbial cart before the proverbial horse" by seeking to intervene before obtaining a tort judgment). Second, they have a purported assignment of rights under Mountain View's insurance policy and have sued County Hall in state court on that basis.

These changes may have altered Appellants' "interest in the underlying litigation," on which the right to intervene partly depends and on which the District Court based its

---

[2] We may take judicial notice of the settlement agreement because it was included as an attachment to the judgment entered in the tort action. *Cf. Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (allowing the district court to take judicial notice of the record in related proceedings).

[3] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291 because "the denial of a motion to intervene is a final, appealable order." *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1179 (3d Cir. 1994).

decision. *Id.* at 220. So the District Court might reach a different conclusion on the motion to intervene in view of the changed circumstances. Or the purported assignment of rights might require or permit party substitution under Rule 25(c) of the Federal Rules of Civil Procedure. Or, because no declaratory judgment has been entered, it might be appropriate for the District Court to stay this action pending resolution of the state-court declaratory judgment action. *See DiAnoia's Eatery, LLC v. Motorists Mut. Insur. Co.*, 10 F.4th 192, 196 (3d Cir. 2021) (noting that it is often appropriate for district courts to decline jurisdiction under the Declaratory Judgment Act when there are pending parallel state-court proceedings).

Judicial restraint requires that we not express any view on the propriety of these possibilities and that we allow the District Court to evaluate the changed circumstances in the first instance. Consistent with that principle, we will vacate the District Court's order and remand for further proceedings.